Charles G. Miller, State Bar No. 39272
Howard I. Miller, State Bar No. 251878
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone:   (415) 956-1900
Facsimile:   (415) 956-1152

Attorneys for Defendants
GLOBAL CELLULAR, INC.,
CELLAIRIS FRANCHISE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ABDUL SAFI & MARIAM SAFI,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GLOBAL CELLULAR, INC.,<br>CELLAIRIS FRANCHISE, INC.,<br><br>　　　　Defendants. | No.<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION (Complaint for Breach of Contract and Negligent Misrepresentation, Fraud)** |

　　　　Defendants Global Cellular, Inc., and Cellairis Franchise, Inc. (hereinafter "removal defendants") hereby give notice of their removal of the civil action entitled *Abdul Safi, et al. v. Global Cellular, Inc., et al.*, Placer County Superior Court, Case No. SCV 26773, to the United States District Court for the Eastern District of California [Sacramento]. This Notice is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446. As grounds for removal, removal defendants state as follows:

　　　　1.　　This action was filed on March 9, 2010 in the Placer County Superior Court, Unlimited Jurisdiction. (A copy of the Complaint is attached as Exhibit A hereto.)

　　　　2.　　The following process, pleadings and orders have been purportedly served on removal defendants and, pursuant to 28 U.S.C. § 1446(a), are attached hereto and filed herewith:

-1-

  a. Complaint, attached hereto as Exhibit A.

  b. Summons, attached hereto as Exhibit B.

 3. Removal defendants received the Summons and Complaint on March 15, 2010 via service by mail on removal defendants' agent for service of process. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

 4. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed under 28 U.S.C. § 1441, in that it is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

 5. Removal defendants are informed and believe and thereon allege that plaintiffs were at the time of filing the action and still are citizens of the State of California.

 6. Removal defendant Cellairis Franchise, Inc. is a Georgia corporation with its principal place of business in Alpharetta, Georgia. Removal defendant Global Cellular, Inc. is a Georgia corporation with its principal place of business in Alpharetta, Georgia. Thus, all removal defendants were at the time of the filing of the action and still are, for the purposes of 28 U.S.C. §§ 1332(c) and 1441(a), citizens of the State of Georgia.

 7. All named and served defendants have joined in the removal.

 8. Removal defendants reserve the right to amend or supplement this Notice of Removal.

 9. Removal defendants reserve all defenses to the claims alleged in the Complaint.

 10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be promptly served on plaintiff's counsel of record, Ognian Gavrilov, and filed with the Clerk of the Placer County Superior Court.

WHEREFORE, defendant respectfully requests that this case proceed before this Court as an action properly removed.

DATED: April 13, 2010

> BARTKO, ZANKEL, TARRANT & MILLER
> A Professional Corporation
>
> By _____
> Howard I. Miller
> Attorneys for Defendants
> GLOBAL CELLULAR, INC., CELLAIRIS FRANCHISE, INC.

# Exhibit A

**PLD-C-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Gavrilov Law Corporation<br>Ognian Gavrilov SBN 258583<br>2431 Capitol Avenue<br>Sacramento, CA 95816<br>TELEPHONE NO: (916) 504-0529      FAX NO. *(Optional)*: (916) 473-5870<br>E-MAIL ADDRESS *(Optional)*: info@gavrilovlaw.com<br>ATTORNEY FOR *(Name)*: Abdul & Mariam Safi | FOR COURT USE ONLY<br><br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>PLACER COUNTY<br>MAR 09 2010<br>EXECUTIVE OFFICER & CLERK<br>By Brandi Burke Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer<br>STREET ADDRESS: 10820 Justice Center Drive<br>MAILING ADDRESS: P.O.Box 619072, Roseville, CA 95661-9072<br>CITY AND ZIP CODE: Roseville, CA 65678<br>BRANCH NAME: Bill Santucci Justice Center | |
| PLAINTIFF: Abdul Safi & Mariam Safi<br>DEFENDANT: Global Cellular, Inc., Cellairis Franchise, Inc.<br>[✓] DOES 1 TO 25 | |
| **CONTRACT**<br>[✓] COMPLAINT         [ ] AMENDED COMPLAINT *(Number)*:<br>[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number)*: | |
| Jurisdiction *(check all that apply)*:<br>[ ] **ACTION IS A LIMITED CIVIL CASE**<br>    Amount demanded [ ] does not exceed $10,000<br>                     [ ] exceeds $10,000 but does not exceed $25,000<br>[✓] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>SCV 26773 |

1. **Plaintiff*** *(name or names)*:
   Abdul & Mariam Safi
   alleges causes of action against **defendant*** *(name or names)*:
   Global Cellular, Inc., Cellairis Franchise, Inc., and Does 1 to 25
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
       [✓] except plaintiff *(name)*: Global Cellular, Inc. and Cellairis Franchise, Inc.
           (1) [✓] a corporation qualified to do business in California
           (2) [ ] an unincorporated entity *(describe)*:
           (3) [✓] other *(specify)*:
                Georgian corporations
   b. [ ] Plaintiff *(name)*:
       a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:
       b. [ ] has complied with all licensing requirements as a licensed *(specify)*:
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
       [✓] except defendant *(name)*: Global Cellular, Inc.           [✓] except defendant *(name)*: Cellairis Franchise, Inc.
           (1) [ ] a business organization, form unknown                (1) [ ] a business organization, form unknown
           (2) [✓] a corporation                                         (2) [✓] a corporation
           (3) [ ] an unincorporated entity *(describe)*:                (3) [ ] an unincorporated entity *(describe)*:
           (4) [ ] a public entity *(describe)*:                         (4) [ ] a public entity *(describe)*:
           (5) [ ] other *(specify)*:                                    (5) [ ] other *(specify)*:

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001

| SHORT TITLE: Safi v. Global Cellular | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [✓] Doe defendants *(specify Doe numbers):* 1 to 25 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [ ] Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [✓] Plaintiff is required to comply with a claims statute, **and**
   a. [✓] has complied with applicable claims statutes, *or*
   b. [ ] is excused from complying because *(specify):*

6. [✓] This action is subject to  [✓] Civil Code section 1812.10   [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [✓] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [✓] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   [✓] Breach of Contract
   [ ] Common Counts
   [✓] Other *(specify):*
   negligent misrepresentation, fraud

9. [ ] Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [✓] damages of: $ $84,850.00
    b. [✓] interest on the damages
       (1) [✓] according to proof
       (2) [ ] at the rate of *(specify):* _____ percent per year from *(date):*
    c. [✓] attorney's fees
       (1) [ ] of: $
       (2) [✓] according to proof.
    d. [✓] other *(specify):*
       punitive damages

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 8, 2010

Ognian Gavrilov

▶ *(signature)*

(TYPE OR PRINT NAME)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]    **COMPLAINT—Contract**    Page 2 of 2

PLD-C-001(3)

| SHORT TITLE: Safi v. Global Cellular | CASE NUMBER: |
|---|---|

**2nd** (number)   **CAUSE OF ACTION—Fraud**

ATTACHMENT TO  [✓] Complaint   [ ] Cross-Complaint

(Use a separate cause of action form for each cause of action.)

FR-1. Plaintiff (name): Abdul Safi & Mariam Safi

alleges that defendant (name): Global Cellular, Inc., Cellairis Franchise, Inc. and Does 1 to 25

on or about (date): March 30, 2008       defrauded plaintiff as follows:

FR-2. [✓] **Intentional or Negligent Misrepresentation**
a. Defendant made representations of material fact  [ ] as stated in Attachment FR-2.a  [✓] as follows:

Defendants told Mr. & Mrs. Safi that they are accepted as the new owners of the Global Cellular/Cellairis kiosk at the Roseville Galleria mall and accepted their monthly rental payments for almost a full year. Defendants also furnished them with their product line during this time and even made them spend $4,000 on kiosk fixture upgrades. Mr. & Mrs. Safi were informed that no one ever looses their kiosk as long as they keep up with their obligations to defendants. Moreover, defendants asked the Safis to pay them for the month of February, 2009, which would satisfy the Safis rent and merchandize obligations for that month.

b. These representations were in fact false. The truth was  [ ] as stated in Attachment FR-2.b  [✓] as follows:

Defendants never intended to accept the Safis as the new kiosk owners, evident by February 4, 2009, Notice of Termination demanding the Safis vacate the premises on the grounds that no business relationship was ever formed. In addition, defendants misrepresented that full payment for February will result in having the kiosk for the full month since defendants took over the kiosk on Feb. 5, 2009.

c. When defendant made the representations,
[✓] defendant knew they were false, or
[ ] defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [✓] **Concealment**
a. Defendant concealed or suppressed material facts  [ ] as stated in Attachment FR-3.a  [✓] as follows:

Defendants did not disclose that they had no intention to have the Safis as a long-term dealer. Defendants did not disclose that the Safis would not be able to stay for the month of Feb. 2009.

b. Defendant concealed or suppressed material facts
[ ] defendant was bound to disclose.
[✓] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page   3

Page 1 of 2
Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]
**CAUSE OF ACTION—Fraud**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(3)

| SHORT TITLE: Safi v. Global Cellular | CASE NUMBER: |
|---|---|

2nd _(number)_  **CAUSE OF ACTION—Fraud**

FR-4. [✓] **Promise Without Intent to Perform**
   a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [✓] as follows:

   Defendants promised that plaintiffs will become their dealer/franchisee, if they bought the kiosk from the previous owner. Defendants promised that timely rental payments and following defendants' requirements would assure that the Safis could operate the kiosk indefinitely. Defendants promised that paying the month of February 2009, in full, will allow plaintiffs to operate the kiosk for the full month of February.

   b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [✓] as follows:

   Plaintiffs purchased the kiosk, from the previous owner who had a franchise contract with defendants. In addition, plaintiffs bought merchandize from defendants and paid monthly rent to defendants for almost a year. Plaintiffs paid for the kiosk to be upgraded per defendants request. Plaintiffs put a lot of effort to promote the kiosk and sell defendant's product. Plaintiffs paid rent for the full month of February 2009.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in Attachment FR-6 [✓] as follows:

   Plaintiffs paid $17,000 to purchase the franchise from the previous owner. $5,000.00 for all unsold merchandise purchased and unsold in reliance of defendants' misrepresentation that they will remain as their dealer and kiosk operator. $2,700.00 for merchandise unjustly held once defendants took over the kiosk. $4,000 for kiosk upgrades. $150.00 in moving expenses. $60,000.00 for lost profits.

FIR-7. Other:

   Punitive damages should be considered based on defendants' actions.

## THIRD CAUSE OF ACTION
### Negligent misrepresentation
### (Against all Defendants)

1. Plaintiffs, Mariam & Abdul Safi, purchased a franchise kiosk, selling products furnished by defendants.

2. Prior to purchasing the business, plaintiffs contacted defendants and inquired if defendants will approve the transfer of ownership from the old owner to plaintiffs.

3. Plaintiffs wanted assurance that if they comply with defendants' requirements they will be kept as a long-term dealer/franchisee.

4. Defendants promised that plaintiffs will become their dealer/franchisee, if they bought the kiosk from the previous owner.

5. Defendants promised that timely rental payments and following defendants' requirements would assure that plaintiffs could operate the kiosk indefinitely.

6. Defendants promised that paying the month of February 2009, in full, will allow plaintiffs to operate the kiosk for the full month of February.

7. These representations were untrue as defendants cancelled the agreement on or about February 4, 2009 and took possession of the kiosk on February 5, 2009. Defendants also withheld the full February rent and did not reimburse plaintiffs for unused merchandise or rent.

8. Defendants also kept $2,700 worth of merchandize without paying for it.

9. Plaintiffs are informed and believe and thereon allege that when defendants made representation about the plaintiffs being approved to by the franchise, and February rent, defendants knew or should have know it to be false and had no reasonable ground to believe it to be true.

10. Plaintiffs are informed and believe and thereon that the representation was made with the intention to induce plaintiffs to act in reliance thereon and allow defendants to collect profits until defendants found a different franchisee for this location.

//

- 5 -

COMPLAINT FOR DAMAGES

11. Plaintiffs, at the time the representation was made, and at the time plaintiffs took the actions herein alleged, were ignorant of the falsity of the representations and believed it to be true. In reliance on these representations, plaintiffs were induced to and did purchase the kiosk business, purchased merchandise from defendants, and paid rent to defendants for almost a year. Had plaintiffs known the actual facts, they would not have taken such actions. Plaintiff's reliance on said representations were justified because defendants appear to be a legitimate business with franchise kiosks nationwide.

12. As a direct and proximate result of defendants' actions, and plaintiffs' reliance to the misrepresentation plaintiffs have been damaged in the amount of $88,850.00 plus interest.

13. WHEREFORE, plaintiff prays judgment as follows:

### PRAYER

WHEREFORE, plaintiff prays for judgment against defendant and DOES 1 to 25, inclusive, and each of them, as follows:

### ON ALL CAUSES OF ACTION

1. For damages in the amount of at least $88,850.00, plus interest thereon, or in an amount according to proof at trial;

2. For costs of suit incurred herein;

3. Punitive damages; and

4. For such other and further relief as the Court may deem just and proper.

Dated: March 8, 2010

GAVRILOV LAW CORPORATION

By: /s/ Ognian Gavrilov
OGNIAN GAVRILOV
Attorney for Mariam & Abdul Safi

# Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Global Cellular, Inc., Cellairis Franchise, Inc., and Does 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Abdul Safi & Mariam Safi

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA

MAR 09 2010

EXECUTIVE OFFICER & CLERK
By Brandi Burke Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Bill Santucci Justice Center

10820 Justice Center Drive, Roseville, CA 96578

CASE NUMBER:
*(Número del Caso)* SCV 26778

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ognian Gavrilov, 2431 Capitol Avenue, Sacramento, CA 95816 (916) 504-0529

DATE: March 9, 2010                                Clerk, by  B. Burke                  , Deputy
*(Fecha)*                                          *(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] (COPY)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CASE NO. SCV 26773

# A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: July 6, 2010
TIME: 10:00 A.M. If your case number starts with "S-CV"
      11:00 A.M. If your case number starts with "M-CV"
DEPT: 40 - 10820 Justice Center Drive, Roseville, California

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. Call 916-408-6446 or go to the court's website at www.placercourts.org and select "Legal Help Center/Self Help" for information about the Legal Help Center.

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

Fifteen calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placercourts.org. Select "Tentative Rulings and Calendar Notes", then "Civil CMC." If you do not have Internet access, call the court at 916-408-6000 to get the information.

At the First Case Management Conference, the court will make orders which may include: redesignating the class currently assigned; exempting the case from dispositional time goals; referring the case to arbitration; transferring the case to Limited Jurisdiction; assigning the case to a particular judge for all purposes; assigning a trial date; assigning the case as a short cause trial matter; identifying the case as one which may be protracted; identifying the case as one which may be amenable to early settlement; establishing a discovery cut-off; scheduling the exchange of expert witness information; scheduling a mandatory settlement conference; scheduling a final case management conference; or, other orders to achieve the interests of justice and timely disposition of the case.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, YOU MUST CONTACT **COURT CALL** TOLL FREE, AT 888-882-6878, AT LEAST TWO (2) COURT DAYS PRIOR TO THE APPEARANCE TO ARRANGE FOR THIS. YOU MUST PAY **COURT CALL** TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

## PROOF OF SERVICE BY MAIL

I, Paul H. Brown, the undersigned, hereby certify and declare:

1. I am over the age of 18 years and am not a party to the within cause.

2. I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

3. My business address is 900 Front Street, Suite 300, San Francisco, California 94111.

4. I am familiar with my employer's mail collection and processing practices; know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in the interoffice mail; and know that postage thereon is fully prepaid.

5. Following said practice, on April 14, 2010, I served a true copy of the attached documents titled exactly: *(1) Notice of Removal of State Court Action (Complaint for Breach of Contract and Negligent Misrepresentation, Fraud) (2) Certification of Interested Entities or Persons* by placing the same in an addressed, sealed envelope and depositing it in the regularly maintained interoffice mail addressed to the following:

Ognian Gavrilov, Esq.
Gavrilov Law Corporation
2431 Capitol Avenue
Sacramento, CA 95816

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 14, 2010 at San Francisco, California.

_____
Paul H. Brown